**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

IN RE

JAMES A. TAYLOR                                                                                              CASE NO. 16-70260

DEBTOR

TOM NELSON and FRIEDA NELSON                                                              PLAINTIFFS

V.                                                                                                                              ADV. NO. 16-7010

JAMES A. TAYLOR                                                                                            DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs Tom Nelson and Frieda Nelson's Motion for Summary Judgment [ECF No. 6] under Civil Rule 56 (applicable herein under Bankruptcy Rule 7056).[1] Plaintiffs filed a Complaint [ECF No. 1] seeking to except the debt owed to them by Defendant/Debtor James A. Taylor from Debtor's discharge under § 523(a)(6). Debtor did not oppose the Motion. Because Plaintiffs advanced sufficient legal and evidentiary support for their Motion, and Debtor failed to put forward any evidence to create a genuine dispute of material fact or any argument to dispute Plaintiffs' entitlement to relief, the Motion will be granted.

**I.      BACKGROUND**

Plaintiffs' Complaint alleges that the debt owing to Plaintiffs from Debtor arose after Debtor "willfully and maliciously drove to the Plaintiffs' residence and shot at Plaintiff Tom Nelson several times with a .45 caliber handgun." [ECF No. 1 ¶ 8.] Tom Nelson was shot in the neck, Frieda Nelson was hit by flying debris, and both suffered "physical and mental injury" and incurred medical expenses. Taylor was charged with Attempted First Degree Murder and

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___," and references to the Federal Rules of Civil Procedure appear as "Civil Rule __."

Aggravated Assault and pled guilty to Attempted Second Degree Murder and Reckless Aggravated Assault. The judgments apparently relating to these criminal offenses are appended to the Complaint, though they do not identify the victims of Debtor's criminal conduct.

Plaintiffs filed a civil suit against Debtor in the Circuit Court of Sevier County, Tennessee, and obtained an *ex parte* default judgment against him in the amount of $160,000 plus court costs on October 2, 2009. [*Id.* ¶ 15; ECF No. 6-3 (the "Judgment").] The Judgment (attached to the Motion, not to the Complaint) states, *inter alia*, that Taylor "acted willfully, intentionally, maliciously and unlawfully and therefore this Judgment cannot be discharged in bankruptcy." The court denied Debtor's motion to set aside the Judgment [ECF No. 6-4], and there is no evidence that he appealed the Judgment.

Debtor filed a voluntary Chapter 7 petition on April 22, 2016, identifying Plaintiffs as creditors based on the Judgment. In his Answer responding to the Complaint herein, Debtor denied "willfully and maliciously" driving to the Plaintiffs' home and shooting at Tom Nelson, denied that Tom Wilson was shot, and denied that Frieda Wilson was hit by flying debris. However, Taylor admitted that "[a]s a result of the aforementioned conduct" he "was charged with Attempted First Degree Murder and Aggravated Assault," and that he pled guilty to Attempted Second Degree Murder and Reckless Aggravated Assault. [ECF No. 5.] Taylor did not aver that either of the criminal judgments attached to the Complaint were unauthentic. In addition, Debtor admitted that the Judgment had been entered against him, while noting it had been entered by default.

Plaintiffs now move for summary judgment, asserting that Debtor's "non-dischargeability liability has been determined by the guilty plea in the criminal case, as well as the civil judgment

2

obtained in Sevier Circuit Court." [ECF No. 6 p.3.] Plaintiffs further argue that "[t]he judgments conclusively established the Defendant's liability, and the Defendant is collaterally estopped from arguing that his liability to the Plaintiffs is non-dischargeable." [*Id.*] As previously noted, Debtor failed to respond to Plaintiffs' Motion.

## II.     ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

Entry of a summary decision is proper if the pleadings, discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(a). The movant has the initial burden to prove that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir. 1998) (quoting *Hall v. Tollett*, 128 F.3d 418, 421-22 (6th Cir. 1997)).

### A.     Collateral Estoppel Applies to Bar Re-litigation of the Issues Established by Prior Judgments.

Plaintiffs argue that Debtor should be precluded from contesting the Judgment and criminal judgments in connection with two offenses, and that Plaintiffs are entitled to a determination of non-dischargeability based on those prior rulings. The doctrine of collateral estoppel applies to discharge exception proceedings under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991).

Plaintiffs argue that to determine "whether a state court judgment will be given preclusive effect in a federal proceeding, federal courts look to the state court's collateral estoppel rules." [ECF No. 6 at 3 (citing *Haring v. Prosise*, 462 U.S. 306, 314 (1983)).] Plaintiffs cite Kentucky law on collateral estoppel, although the Judgment against Debtor and the judgments in the two criminal matters are from Tennessee courts.

The Supreme Court of Tennessee has explained how to analyze an issue relating to the collateral estoppel doctrine under Tennessee law:

> Collateral estoppel is a judicially created issue preclusion doctrine that promotes finality, conserves judicial resources, and prevents inconsistent decisions. It bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding. Thus, when an issue has been actually and necessarily determined in an earlier proceeding between the parties, that determination is conclusive against the parties in subsequent proceedings.
>
> The party invoking collateral estoppel has the burden of proof. To prevail with a collateral estoppel claim, the party asserting it must demonstrate (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.
>
> * * *
>
> The question of whether collateral estoppel applies is a question of law. Accordingly, summary judgment is an appropriate vehicle for resolving a collateral estoppel claim.

*Mullins v. State*, 294 S.W.3d 529, 534-35 (Tenn. 2009) (footnotes and citations omitted).

Tennessee courts hold that default judgments constitute final judgments for purposes of preclusion:

4

> A judgment is a final judgment "when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson* [*v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995)] (citation omitted). It is not necessary to have a trial for a judgment to be on the merits; rather, "[i]f the parties had an opportunity to be heard, and there are no technical defects, the judgment 'is on the merits, although there was no actual hearing or argument on the facts of the case.'" *Hollins v. Covington Pike Chrysler-Plymouth, Inc.*, No. W2002-00492-COA-R3-CV, 2002 Tenn. App. LEXIS 908, 2002 WL 31895720, at *1 (Tenn. Ct. App. Dec. 23, 2002) (quoting 50 C.J.S. Judgments § 728 (1997)). A default judgment is a judgment on the merits for the purposes of *res judicata*. *Mitrano v. Houser*, 240 S.W.3d 854, 861 (Tenn. Ct. App. 2007) (applying New Hampshire law); *see also Cauff v. Fieger, Fieger, Kenney & Johnson, P.C.*, No. 281442, 2009 Mich. App. LEXIS 189, 2009 WL 187820, at *2 (Mich. Ct. App. Jan. 27, 2009). In this case, the General Sessions Court entered a default judgment in Roberts' favor, disposing of all issues presented to the court at that time. The order was not appealed. It was clearly a final judgment on the merits for purposes of *res judicata*.

*Roberts v. Vaughn*, No. W2008-01126-COA-R3-CV, 2009 Tenn. App. LEXIS 386, at *11-12 (Tenn. Ct. App. June 10, 2009); *see also Youngblood v. Linebarger Googan Blair & Sampson, LLP*, No.10-2304, 2012 U.S. Dist. LEXIS 142792, at *16 (W.D. Tenn. Sept. 30, 2012) (citing *Roberts* for the proposition that "[d]efault judgments are judgments on the merits for purposes of *res judicata*."); *Panther Petro., LLC v. Couch (In re Couch)*, 544 B.R. 867, 873-76 (Bankr. E.D. Ky. 2016) (citing *Roberts* and discussing Tennessee law regarding collateral estoppel based on a default judgment).

### B.    Debtor's Intent to Cause Harm Underlying the Judgment has been Litigated and Determined for Purposes of § 523(a)(6).

According to the Supreme Court of Tennessee, courts applying the doctrine of collateral estoppel should proceed as follows:

> When a party invokes the doctrine of collateral estoppel, the court must first identify the legal or factual issues that were decided in the earlier proceeding. Then the court must identify the issue or issues sought to be precluded in the later proceeding. Finally, the court must determine whether the issue or issues sought to be precluded in the later proceeding are the same as the issue or issues that were actually decided in the earlier proceeding. For the doctrine of collateral

5

>estoppel to apply, the issue or issues sought to be precluded in the later
>proceeding must be identical, not merely similar, to the issue or issues decided in
>the earlier proceeding.

*Mullins*, 294 S.W.3d at 536 (citation omitted).

With regard to Plaintiffs' non-dischargeability claim, § 523(a)(6) excepts from discharge any debt for willful and malicious injury by the debtor to the property of another entity. 11 U.S.C. § 523(a)(6). To prevent dischargeability of a debt, the creditor must prove "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Specifically, the creditor has the burden to prove "that the debtor 'either (1) intended to cause injury to the Creditor or to the Creditor's property, or (2) engaged in an intentional act from which the Debtor believed injury would be substantially certain to result.'" *Lynch v. Brown (In re Brown)*, Ch. 7 Case No. 09-60082, Adv. No. 09-6057, 2010 Bankr. LEXIS 4239, at *5 (Bankr. E.D. Ky. Nov. 10, 2010) (quoting *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999)). The creditor must show that the debtor "will[ed] or desire[d] harm" or "believe[d] injury is substantially certain to occur as a result of his behavior." *Markowitz*, 190 F.3d at 465 n.10. The Sixth Circuit has defined "willful" to mean "deliberate or intentional" and "malicious" to mean a "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986) (citations omitted).

Plaintiffs' Tennessee state court complaint sought relief for "the intentional, willful and wanton aggravated assault and battery of Plaintiffs" and provides details regarding the shooting incident. [ECF No. 6-2.] "Assault and battery is an intentional tort under Tennessee law." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 57 (Tenn. Ct. App. 1989). "A battery occurs

when an individual intentionally inflicts an unlawful or offensive physical contact upon the person of another without the consent of the victim." *Runions v. Tenn. State Univ.*, No. M2008-01574-COA-R3-CV, 2009 Tenn. App. LEXIS 420, at *9 (Tenn. Ct. App. July 6, 2009). And, in Tennessee, "if a defendant intends to create an apprehension of harm in the plaintiff, he or she has committed the intentional tort of assault." *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 371 (Tenn. 2011). Both torts require that the individual committing an act intends to cause an injury through that act for liability to attach.

Debtor's intent to cause Plaintiffs' injuries was a primary component of the intentional tort claims that Plaintiffs filed against him in Tennessee state court. Plaintiffs' Tennessee complaint alleged:

> After making calls to Ms. [Nelson's] residence, [Debtor] drove to Ms. [Nelson's] residence and suddenly, unexpectedly and unlawfully shot at Mr. Nelson several times with a .45 caliber sidearm hitting him in the neck in a harmful, offensive and unconsented manner. This incident occurred in the presence of Ms. [Nelson] who was narrowly missed by the flying bullets and hit by debris.

[ECF No. 6-2 ¶ 7.] Debtor did not deny shooting a firearm at Tom Nelson in the presence of Frieda Nelson in the Tennessee litigation. This uncontested allegation establishes that Debtor either intended to cause injury to Plaintiffs or committed an intentional act from which he believed an injury to Plaintiffs would be substantially certain to result.

The Tennessee court granted a default judgment against Debtor in Plaintiffs' favor, stating that Debtor "acted willfully, intentionally, maliciously and unlawfully and therefore this Judgment cannot be discharged in bankruptcy." [ECF No. 6-3.] "The determination of whether a particular debt should be excepted from discharge under § 523(a)(6) is a legal conclusion which is within the exclusive jurisdiction of the bankruptcy courts." *McCurdie v. Strozewski (In re Strozewski)*, 458 B.R. 397, 403 (Bankr. W.D. Mich. 2011) (citing 11 U.S.C. § 523(c)). The

7

Tennessee state court's statement regarding the dischargeability of the Judgment thus is accorded no weight; however, that court had jurisdiction to enter a default judgment on Debtor's liability for Plaintiff's claims for assault and battery. No evidence has been presented that the Judgment is not final. The Judgment and the Tennessee state court complaint attached to Plaintiffs' Motion, as well as the Order denying Debtor's motion to set aside the Judgment [ECF No. 6-4], bear stamps from the court clerk consistent with being filed in the record of that matter, *i.e.*, there is sufficient indicia that they are what they purport to be, and Debtor has not contested their authenticity.

Debtor's intent to cause Plaintiffs' injuries relating to the Judgment is the key issue in the § 523(a)(6) analysis before this Court, and this is the same issue that actually was decided in the earlier proceeding in the Tennessee court. Accordingly, applying the doctrine of collateral estoppel, the materials tendered with the Motion are sufficient to find in Plaintiffs' favor in connection with their non-dischargeability claim under § 523(a)(6).[2]

### III.   CONCLUSION

Plaintiffs have established that the Judgment is non-dischargeable under § 523(a)(6). Plaintiffs' Motion for Summary Judgment will be granted. A separate judgment will be entered concurrent with this Opinion.

---

[2] The Court has considered the criminal judgments attached to the Complaint and the Motion, but renders its decision based on the Judgment.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Monday, November 28, 2016
(tnw)